**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2018-WJM-KLM

CRYSTAL SANCHEZ,

    Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

---

Plaintiff initiated this action on July 21, 2014 arising out of Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692e(2)(A), e(8), and e(10).  (ECF No. 1.)  On December 10, 2014, Plaintiff filed a Notice of Acceptance of Defendant's Offer of Judgment, and final judgment was entered in Plaintiff's favor in the amount of $1,001.00.  (ECF Nos. 24 & 26.)  The Offer of Judgment provided that Plaintiff's costs and reasonable attorneys' fees would be added to the judgment against Defendant.  (ECF No. 24-1.)  Costs were taxed against Defendant on December 22, 2014.  (ECF No. 28.)  Plaintiff accordingly filed her Motion for Attorneys' Fees ("Motion"), which is now before the Court, on December 31, 2014.  (ECF No. 29.)  On January 14, 2015, Defendant filed its response to the Motion.  (ECF No. 30.)  No reply was filed.  For the reasons set forth below, the Motion is granted in part and denied in part.

## I.  LEGAL STANDARD

To determine a reasonable attorneys' fee, the Court must calculate a "lodestar figure" by multiplying a reasonable hourly rate by the hours reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)).  Counsel should exercise "billing judgment" prior to submitting a fee request to eliminate any needless, excessive, or redundant hours.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Billing judgment should also take into account the experience and relative skill of the billing attorneys.  *Id*.  Additional factors to determine a fee's reasonableness include "the complexity of the case, the number of reasonable strategies pursued, . . . the responses necessitated by the maneuvering of the other side," any potential duplicative services, and whether the hours would "normally be billed to a paying client."  *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983).  A court may use its discretion to fashion an award of attorneys' fees it deems appropriate where counsel requests payment for hours other than those reasonably expended.  *Id.* at 554-55.

## II.  ANALYSIS

Plaintiff's counsel, Mr. David Larson, claims that he expended 15.1 hours on this matter at an hourly rate of $250.00, and accordingly seeks $3,775.00 in attorneys' fees. (ECF No. 29.)  Defendant agrees that $250.00 is a reasonable hourly rate, but argues that the time expended by counsel on this matter is excessive.  (ECF No. 30.)  Mr. Larson has litigated over 2,200 FDCPA cases and, according to Defendant, has filed approximately 20 FDCPA cases against Defendant in the past two years containing

allegations similar to those at bar. (ECF Nos. 29 at 6 & 30 at 6.) Because of Mr. Larson's extensive experience litigating FDCPA cases, Defendant argues that "[t]his case involved no depositions, boilerplate discovery requests and no work other than an obvious copy and paste document production." (ECF No. 30 at 6.) Defendant further argues that the sheer volume of FDCPA cases filed by Mr. Larson dictates that he should require less time to draft FDCPA complaints, form motions, and other documents common to this type of matter. (*Id.*)

The Court has reviewed the Motion and accompanying documentation and agrees with Defendant that Plaintiff's fee request is excessive. As U.S. District Judge R. Brooke Jackson stated in his September 24, 2012 Order on Mr. Larson's Motion for Attorneys' Fees, Mr. Larson should be able to efficiently litigate FDCPA matters:

> The preparation of a complaint in this case was a relatively simple process. This is not complex litigation. Mr. Larson has filed an astonishing number of these cases in this district alone. . . . Mr. Larson, as apparently one of the leading specialists in this type of litigation, deserves to be reasonably compensated. However, the fact is that this is high volume, small dollar, non-complex litigation. The efficiencies of scale that Mr. Larson has achieved, to his credit, sometimes enable him . . . to "investigate" the facts, prepare pleadings, and negotiate settlements with small investments of time. Such was the case here.

*Ellis v. Midland Credit Mgmt., Inc.*, 11-cv-02860-RBJ, at *7-8 (D. Colo. Sep. 24, 2012).

The Court finds some of Mr. Larson's largest time entries in this matter to be excessive. For example, Mr. Larson spent 1.9 hours drafting the summons and Complaint; 0.5 hours reviewing Defendant's Answer to "compare [it] to allegations in Complaint"; 0.9 hours drafting discovery requests and initial disclosures; and 1 hour drafting the instant Motion. (ECF No. 29-1.) Defendant claims that Mr. Larson submits the same motion for attorneys' fees "in every case," and his pleadings vary "only as to a

few paragraphs dealing with the specific alleged violations, most of which share a common theme and theory of liability." (ECF No. 30 at 5-7.) Defendant further states that in the roughly 20 lawsuits Mr. Larson has filed against Defendant, Mr. Larson submits "the exact same initial disclosures" in each case along with "boilerplate discovery requests." (*Id*. at 6-7.) Mr. Larson's time spent reviewing brief docket entries or completing clerical tasks, such as his review of the return of service, review of an unopposed motion for continuance, emailing defense counsel audio recordings, and mailing discovery requests and initial disclosures, also warrant close scrutiny. (ECF No. 29-1 at 3-5.)

Mr. Larson evidently takes advantage—as he should—of the similar legal issues that arise in many FDCPA matters through the use of form pleadings, motions, and discovery requests. Mr. Larson has not disputed this point. These "efficiencies of scale" should allow Mr. Larson to spend a nominal amount of time on such relatively routine matters. *Ellis*, 11-cv-02860-RBJ, at *8. Mr. Larson's billings, however, do not reflect this reality.

The Court accordingly finds that Plaintiff's fee request is excessive, and warrants a 15% reduction to account for Mr. Larson's inefficiencies in handling this matter. While the Court must specify the reasons underlying its fee award, "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *McInnis v. Fairfield Communities, Inc*., 458 F.3d 1129, 1147 (10th Cir. 2006) (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986). As discussed above, this reduction accounts for any needless, redundant, and otherwise

4

unnecessary time spent reviewing simple docket entries, completing administrative tasks, and drafting routine documents.  *Hensley*, 461 U.S. at 434; *see also Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288, n. 10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").  The Court will therefore award Plaintiff $3,208.75 in attorneys' fees, rather than $3,775.00 as the Motion requests.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Attorneys' Fees (ECF No. 29) is GRANTED IN PART and Plaintiff is awarded $3,208.75 in attorneys' fees.

Dated this 11th day of June, 2015.

BY THE COURT:

William J. Martinez
United States District Judge